1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ERGS, INC.; JOHN MCCAMANT; CFA, INC.; and SIERRA SAGE APARTMENTS, LLC,<br><br>                    Defendants. | 03:02-CV-0615-LRH (VPC)<br><br>-- consolidated with --<br><br>03:04-CV-0237-HDM (RAM)<br><br>ORDER |
| SILVER STATE FAIR HOUSING COUNCIL, INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>ERGS, INC.; SIERRA SAGE APARTMENTS, LLC; and JOHN MCCAMANT,<br><br>                    Defendants. | |
| ERGS, INC. And SIERRA SAGE APARTMENTS, LLC,<br><br>                    Third-Party Plaintiffs,<br><br>vs.<br><br>PYRAMID ENGINEERS AND LAND SURVEYORS, INC.; and THOMAS J. GRIBBIN, individually; and DOES I through X, inclusive,<br><br>                    Third-Party Defendants, | |

Presently before this court is a motion to bifurcate (#178[1]) brought by Third-Party Defendant Thomas Gribbin ("Gribbin").  Third-Party Plaintiffs ERGS, Inc. and Sierra Sage Apartments, LLC ("Plaintiffs") have opposed (#183).  No reply has been filed.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of a Fair Housing Act ("FHA") violation brought against Plaintiffs. During the course of that lawsuit, Plaintiffs filed a third party complaint against Gribbin and Pyramid Engineers and Land Surveyors, LLC ("Pyramid").  The third party complaint alleged that Pyramid had been responsible for engineering and designing walkways and parking configurations that resulted in violations of the FHA.  It sought recovery on theories of indemnification and contribution.  The complaint also sought to recover from Gribbin by piercing Pyramid's corporate veil through a showing that Pyramid operated as an alter-ego of Gribbin.

The underlying FHA litigation resulted in a settlement between the United States, Silver State Fair Housing Council, ERGS, Sierra Sage Apartments and John McCamant.  However, that settlement did not include Pyramid or Gribbin and therefore did not eliminate the third party complaint.  Thus, despite the settlement, a lawsuit still exists that pits ERGS and Sierra Sage Apartments against Pyramid and Gribbin.

As part of that remaining litigation, Gribbin has filed the present motion to bifurcate the pending trial.  Gribbin contends that hearing the Pyramid liability issues along with the alter-ego issues will be prejudicial and waste judicial resources.

**LEGAL STANDARD FOR MOTION TO BIFURCATE**

The decision to bifurcate or sever a trial is left to the discretion of the court.  *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (discussing bifurcation under Federal Rule of Civil Procedure 42(b)); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (discussing severance under Federal rule of Civil Procedure 20(b)).  The goal of bifurcating or severing a trial is the avoidance of prejudice or delay,

---

[1] References to (#XX) refer to the court's docket.

furtherance of the convenience of a trial, or assistance in the expedition and economy of the trial. *See* Fed. R. Civ. P. 20(b), 42(b).

**DISCUSSION**

Gribbin has moved to bifurcate the issue of alter-ego liability from the underlying claims of liability against Pyramid pursuant to Federal Rules of Civil Procedure 20(b), 21 and 42(b). Gribbin argues that including the alter-ego claim in the trial will result in prejudice, confusion of the jury and an unwarranted cost.

Rule 20(b) provides as follows:

> The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice.

Rule 42(b) provides:

> "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue . . . ."

These rules are designed to allow the court leeway in administering its trials when parties have been joined as plaintiffs or defendants, as is the case with Gribbin and Pyramid being joined as third-party defendants.

Gribbin argues that holding separate trials on the alter-ego theory and the underlying theory of liability against Pyramid will further the judicial economy concerns of Rule 20(b) and Rule 42(b). The court disagrees. Bifurcation in this instance will result in two trials that will involve calling a significant number of the same witnesses. Bifurcation would likely increase the inconvenience to the court and parties because of the logistics attendant to holding two trials as opposed to one when, as discussed below, no prejudice will result from combining the trials. Thus, the court rejects bifurcation on the grounds of avoiding delay, increasing convenience, or assisting in the expedition and economy of trial.

The motion also seeks bifurcation based upon Rule 21 of the Federal Rules of Civil Procedure. The rule provides that dismissal of an action is not appropriate based purely on

misjoinder of a party. The rule provides an alternative to dismissal by stating that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. In the present case, there is no real issue concerning misjoinder of a party as the commonality of the design claim against Pyramid and Gribbin is undisputed. Thus, Rule 21 is not applicable herein.

Good cause appearing, the court denies the motion for bifurcation (#178).

IT IS SO ORDERED.

DATED this 27th day of March, 2006.

_____
LARRY R. HICKS
United States District Judge